UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


TYRONE CLAYBORNE,

     Plaintiff,

v.                                                Case No. 3:22cv557-TKW-HTC


FORT WALTON BEACH MEDICAL CENTER,
 SUNSHINE MEDICAL, and
 DR. PATTEL[1],

     Defendants.

_____/

<u>ORDER AND</u>
<u>REPORT AND RECOMMENDATION</u>

Plaintiff Tyrone Clayborne, proceeding *pro se*, initiated this action by submitting a complaint seeking to assert claims arising from medical care he received from the Defendants.[2]  ECF Doc. 1.  Plaintiff did not file a motion to proceed *in forma pauperis* simultaneously with the complaint as required by the Local Rules.  *See* Fla. N.D. Loc. R. 5.3.  Also, at the time Plaintiff filed the

---

[1] On the first page of the complaint, Plaintiff spells Dr. Patel with one "l", but spells Dr. Pattell with two "l"s throughout the body of the complaint.

[2] Plaintiff used the complaint form for prisoners seeking to assert a civil rights claim under 42 U.S.C. § 1983, which is not applicable here.

complaint, he was a prisoner incarcerated at the Okaloosa County Jail.[3]  Since the filing of the complaint, however, he has been released.[4]

The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C).  Upon review of the complaint, the undersigned recommends this action be dismissed *sua sponte* for lack of jurisdiction.  Namely, the claims asserted are for medical negligence, which is a state law claim, and the Plaintiff and Defendants are residents of Florida.

## I.    THE COMPLAINT

Plaintiff's complaint contains the following statement of facts in its entirety:

> On or about October 19, 2019, Doctor Pattell did medical malpractice on the plaintiff and did cut off pieces of his foot, causing permanent disfigurement.  The doctor who failed to treat infection, but instead cut off pieces of toe until all of them were removed.

> The doctor performed three different surgery's (sic) within period of time.  The Plaintiff feel's (sic) this was done because of the Plaintiff's financial status.  Also, because his type of insurance.

> Fort Walton Beach Medical Center run by HCA has injured the Plaintiff by releasing the Plaintiff from the Hospital too early and not treating the infection.  The Plaintiff literaly (sic) had maggots in his foot.

---

[3] Because Plaintiff was a prisoner when he filed the complaint, the action remains governed by the Prison Litigation Reform Act, "PLRA", 28 U.S.C. § 1915, *et seq.*  Thus, the clerk will be directed to reclassify this action on the electronic docket.

[4] The physical address Plaintiff provided on the complaint form is different from the release address shown on the jail's inmate locator website.  Nonetheless, because it is Plaintiff's obligation to provide the Court with his most recent address, the Court will use the address provided by Plaintiff.

ECF Doc. 1 at 7.

In his statement of claims, Plaintiff states as follows:

> The loss of the limbs of [Plaintiff's] toe's (sic) due to the negligence of all the Defendant's (sic) fall under the tort of negligence. The medical malpractice of Dr. Pattell by his decision to not treat the infection led to the loss of the Plaintiff's five toes.

*Id.* at 8.

As relief, Plaintiff seeks "declatory (sic) and punitive damages" against Dr. Pattell "in the amount of five million US Dollars" and damages against Fort Walton Beach Medical Center "and Sunshine Health" in the amount of "two million five hundred thousand dollars each" for a total recovery "of 10 million." *Id.*

## II.    LACK OF JURISDICTION

District courts have "'unquestionable' authority to control their own dockets. This authority includes "broad discretion in deciding how best to manage the cases before them." *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (citations omitted). Thus, a district court may *sua sponte* dismiss a *pro se* litigant's complaint where the plaintiff cannot cure the defects by amending his complaint, or an amendment would be futile. *See Horn v. Estate of Camacho*, 817 F. App'x 872, 874 (11th Cir. 2020); *Woldeab v. DeKalb Cnty Bd. Of Ed.*, 885 F.3d 1289, 1291 (11th Cir. 2018). Indeed, while a court should read a *pro se* complaint liberally, "early evaluation of the potential merits of a pro se litigant's claim is very important because initial screening by the court can eliminate patently frivolous actions." *See,*

*e.g.*, *Gonzalez v. Citicorp Credit Srvcs., Inc.*, 2015 WL 13776794 (S.D. Fla. May 18, 2015), *adopting report and recommendation*, 2015 WL 13776795 (June 22, 2015).

As set forth below, this Court does not have jurisdiction over Plaintiff's claims and allowing Plaintiff an opportunity to amend the complaint would be futile. Plaintiff asserts claims of medical negligence against one or more Defendants of the same state, which clearly belong in state—not federal—court.

Federal Rule of Civil Procedure 8(a)(1) provides that a pleading must contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). This is because federal courts are courts of limited jurisdiction that possess only the power authorized by statute or the Constitution. *Kokkoken v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (citing *Willy v. Coastal Corp.*, 503 U.S. 131, 136–37 (1992); *Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986). Congress may "give, withhold or restrict such jurisdiction at its discretion, provided it be not extended beyond the boundaries fixed by the Constitution." *Kline v. Burke Constr. Co.*, 260 U.S. 226, 234 (1922). Absent a grant of subject-matter jurisdiction from Congress, a federal court "is powerless to act." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999); *Wernick v. Mathews*, 524 F.2d 543, 545 (5th Cir. 1975) (noting that absent jurisdiction a court is "powerless to consider the merits" of a case). "Without jurisdiction the court

cannot proceed at all in any cause.  Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 74 U.S. 506, 514 (1868).

Generally, federal district courts have subject-matter jurisdiction over only two (2) types of cases: (1) a case involving a federal question or (2) a case involving diversity of citizenship of the parties.  *See* 28 U.S.C. §§ 1331, 1332.  If a complaint lacks a jurisdictional statement, a court may find a basis for federal question jurisdiction only if the complaint makes "references to federal law sufficient to permit the court to find § 1331 jurisdiction." *Miccosukee Tribe of Indians v. Kraus–Anderson Constr. Co.*, 607 F.3d 1268, 1275–76 (11th Cir. 2010) ("Rule 8(a)(1) is satisfied if the complaint says enough about jurisdiction to create some reasonable likelihood that the court is not about to hear a case that it is not supposed to have the power to hear.").  However, it is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.  *Kokkoken*, 511 U.S. at 377 (citations omitted).

## A.    This Court Lacks Federal Question Jurisdiction.

A "federal question" case arises under the United States Constitution or federal laws or treaties.  *See* 28 U.S.C. § 1331.  "The well-pleaded-complaint rule has long governed whether a case 'arises under' federal law for the purposes of § 1331." *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830

(2002). Under the "well-pleaded-complaint" rule, "[a] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). Thus, for federal question jurisdiction to exist, a plaintiff's complaint must "claim a right to recover under the Constitution and laws of the United States." *Bell v. Hood*, 327 U.S. 678, 681 (1946).

In the instant case, Plaintiff's claims are based on the medical care he received from the Defendants and thus are claims for medical negligence under Florida law, which must be brought in state court. *See* Chapter 766, Fla. Stats. (2021). Relief from such conduct is generally conferred by state law and protected by the state courts.

Plaintiff does not, and cannot, point to any authority suggesting that such conduct arises under the U.S. Constitution, federal laws or treaties. The Court can envision no situation in which Plaintiff can amend this claim to assert a federal action. Thus, Plaintiff has failed to meet his burden of establishing federal question jurisdiction.

### B.     This Court Lacks Diversity Jurisdiction.

Federal courts also have subject-matter jurisdiction over civil actions in which: (1) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs"; and (2) the action is between "citizens of different States." 28

U.S.C. § 1332(a)(1).  Although Plaintiff seeks a total of $10 million in damages, ECF Doc. 1 at 8, an amount greater than $75,000, Plaintiff cannot satisfy the second element for diversity jurisdiction.

To meet the jurisdictional requirements of § 1332(a), the citizenship of each plaintiff must be different from that of each defendant.  *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).  A person's place of citizenship, or domicile, is "the place of his true fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom."  *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).

In his complaint, Plaintiff lists his address as "2182 Crescentwood Rd., Navarre, FL  32566."  ECF Doc. 1 at 2.  Plaintiff, thus, identifies himself as a citizen of Florida.  Plaintiff also lists Defendants' addresses as being in Florida or as unknown.  *Id.* at 3.  Because Plaintiff and at least one Defendant are citizens of the same state, there can be no diversity jurisdiction.

## III.   CONCLUSION

For the reasons set forth above, this Court lacks jurisdiction over this complaint.  Thus, Plaintiff's complaint should be dismissed.  A *sua sponte* dismissal is appropriate because allowing Plaintiff an opportunity to amend would be futile. *See Rance v. Winn*, 287 F. App'x 840, 841 (11th Cir. 2008) ("district courts need not permit amendment where it would be futile to do so").

Moreover, because this is a recommendation for dismissal, Plaintiff will be provided an opportunity to file an objection to this report and recommendation prior to dismissal. *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotation marks omitted) (before dismissing an action *sua sponte*, the court must ensure that it employs a procedure that is fair, which generally includes "provid[ing] the plaintiff with notice of its intent to dismiss or an opportunity to respond"); *see also, Shivers v. Int'l Bhd. of Elec. Workers Local Union*, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to *sua sponte* grant summary judgment where a magistrate judge issues a report recommending the *sua sponte* granting of summary judgment).

Accordingly, it is ORDERED:

1.    The clerk shall reclassify this case on the CM/ECF as a prisoner non-civil rights matter.

It is further RESPECTFULLY RECOMMENDED:

1.    This action be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

2.    The clerk be directed to close the file.

DONE AND ORDERED this 19th day of January, 2022.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.